IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

VIRTUAL STUDIOS, INC.,

    Plaintiffs,

v.

CIVIL ACTION FILE
NO. 4:12-CV-0077-HLM

ROYALTY CARPET MILLS, INC.,

    Defendant.

## ORDER

This case is before the Court on the parties' proposed Joint Preliminary Report and Discovery Plan [40].

Upon review of the information contained in the Preliminary Report and Discovery Plan form filed by the parties [40], the Court **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure

and the Local Rules of this Court. This case is assigned to an eight-month discovery period, to run from January 1, 2012, thirty days after Defendant filed its Answer. Discovery is scheduled to expire on September 1, 2012. If the parties require additional time for discovery, the Court will entertain a reasonable request for a discovery extension.

IT IS SO ORDERED, this the 13re day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| VIRTUAL STUDIOS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.4:12-CV-00077-HLM |
| ) | |
| ROYALTY CARPET MILLS, INC. ) | |
| ) | |
| Defendant. ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action: copyright infringement case.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Virtual Studios is a graphic design company that provides a variety of services, including digital photography, image manipulation, scanning, design and illustration, digital printing, presentation graphics, image setting, and digital proofs. It has traditionally served customers in the carpet, flooring and home goods industries by providing virtual "room scenes" into which it can digitally insert images of any number of its customers' products.

Virtual performed this type of work for Royalty Carpet Mills for a number of years. Virtual granted Royalty one-year licenses to use its room scene images and manipulated these images so that they displayed Royalty's products. In or around 2009, the parties stopped doing business with one another. After this occurred, Virtual alleges that it discovered Royal using Virtual's copyrighted room scenes beyond the terms of its authorized use and in derogation of Virtual's copyrights. This suit arises from Royalty's alleged unauthorized use of Virtual's room scenes.

Royalty denies that it has infringed any copyrights of Virtual.

(c) The legal issues to be tried are as follows:

Virtual has alleged causes of action against Royalty arising out of copyright infringement and breach of contract. The central issue in this case is whether Royalty used Virtual's room scenes in derogation of Virtual's copyrights and/or in violation of the parties' one-year license agreements.

Royalty denies any copyright infringement or breach of contract with regard to Virtual.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: Not applicable
(2) Previously Adjudicated Related Cases: Not applicable.

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_X\_ (4) Greater than normal volume of evidence
\_X\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_X\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_X\_ (10) Existence of highly technical issues and proof

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Michael A. Anderson, Ga. Bar No. 017740
                        Patrick, Beard, Schulman & Jacoway, P.C.
                        537 Market Street, Suite 202
                        Chattanooga, TN 37402

(423) 756-7117

Defendant: Stephen G. Weizenecker, Ga Bar No. 746451
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
(404) 567-6582

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?
\_\_\_Yes \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

(b) The following persons are improperly joined as parties:

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15. The parties have agreed that all motions to amend will be filed by August 31, 2012.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: Not applicable.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. Not applicable.

## 10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below: The parties request an 8 month discovery period due to the amount of discovery needed.

## 11. Settlement Potential:

(a) Lead counsel for the parties certifies by their signatures below that they conducted a Rule 26(f) conference that was held on July 2, 2012, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): __s/ Michael A. Anderson__

Other participants: _____
For defendant: Royalty Carpet Mills, Inc.
Lead counsel (signature): __s/ Stephen G. Weizenecker__

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.

(\_\_\_\_\_) No possibility of settlement.

(c) Counsel ( X ) do or (\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is August 6, 2012.

(d) The following specific problems have created a hindrance to settlement of this case. Not applicable.

## 12. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge Form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

| PATRICK, BEARD, SCHULMAN & JACOWAY, P.C. | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
|---|---|
| By: s/ Michael A. Anderson<br>Michael A. Anderson, Ga. Bar #017740<br>*Attorneys for Plaintiffs*<br>537 Market Street, Suite 202<br>Chattanooga, TN 37402<br>423-756-7117<br>manderson@pbsjlaw.com | By: s/ Stephen G. Weizenecker<br>Stephen G. Weizenecker, Ga. Bar #746451<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>(404) 567-6582<br>sweizenecker@lbbslaw.com |